
# UNITED STATES DISTRICT COURT

_____   District of   ____DELAWARE____

UNITED STATES OF AMERICA
V.
__RASHEEM DOLLARD,__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-117-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

X (1) There is probable cause to believe that the defendant has committed an offense
    X for which a maximum term of imprisonment of ten years or more is prescribed in ____21 USC § 841____.
    ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by  ☐ clear and convincing evidence ☐ a preponderance of the evidence that

Based on the information before the Court, including that provided by the probation office as well as the parties by proffer during the detention hearing, and the affidavit supporting the complaint and the evidence elicited during the preliminary hearing, the Court finds that the Defendant has failed to rebut the statutory presumption that no combination of conditions could reasonably assure the safety of the community between now and the time of trial and that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons, as well as for the reasons announced during the hearing:

the nature and circumstances of the offense: the Defendant is accused of possession with intent to distribute cocaine base and possession of a firearm by a previously-convicted felon. On July 11, 2008, law enforcement officers responding to a call of gunshots observed Defendant walking. After Defendant saw the officers' marked police vehicle, he began to act nervously, including by changing direction repeatedly. Two officers saw Defendant remove a firearm from his waistband and toss it onto a rooftop. When the officers asked to speak to Defendant, he ran from them. After he was apprehended and searched, officers found in Defendant's right front pants pocket a single baggie containing a rocklike white substance, weighing 5 grams (a distributable quantity, equal to approximately 25 doses), that field tested positive for cocaine. Officers recovered from the rooftop a loaded Taurus PT 138 Millennium .380 ACP, which was made in Brazil. Defendant was convicted in March 2004 in Delaware Superior Court of the felony offense of Possession with Intent to Deliver a Controlled Substance. Defendant eventually admitted to possession of the firearm.

the weight of the evidence: with respect to the felon in possession charge, the weight of the evidence is very strong; with respect to the possession with intent to distribute cocaine base, there is at least probable cause.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

<u>the history and characteristics of the Defendant:</u> Defendant has the one prior drug distribution felony already referred to, as well as two violations of probation and two failure to appear capiases. On the other hand, he is a lifelong resident of Delaware and has the support of many family and friends, quite a few of whom were present at the hearing. For instance, Defendant's former employer is willing to rehire him to work on clean-up of construction sites; a friend is willing to post the deed to her home on his behalf; and his mother is willing to raise several thousand dollars to post as bond as further assurance that Defendant will comply with release conditions. Defendant has some history of substance abuse, for which he apparently received treatment at some point.

<u>the nature and seriousness of the danger to the community that would be posed by the Defendant's release:</u> prior convicted felons possessing firearms to use in furtherance of distributing illegal drugs pose a substantial danger to the community.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| JULY 15TH, 2008 | *[signature]* |
|---|---|
| Date | Signature of Judge |
| | Hon. Leonard P. Stark |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).